```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                                :
WILLIAM HARRIS,                 :   CIVIL ACTION
                                :
        Petitioner,             :
                                :
    v.                          :   NO. 12-1596
                                :
SUPERINTENDENT KERESTES, et al, :
                                :
        Respondents.            :
_____ :
```

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

Presently before the Court is a *pro se* Petition for Writ of Habeas Corpus filed by Petitioner, William Harris ("Harris"), pursuant to 28 U.S.C. section 2254. Harris is currently incarcerated at SCI-Mahanoy. For the reasons that follow, it is recommended that the Petition should be dismissed with prejudice and without an evidentiary hearing.

I.   **PROCEDURAL HISTORY**.[1]

On October 1, 1998, following a capital waiver trial along with co-defendant Mitchell Simpson in the Court of Common Pleas of Philadelphia County, the Honorable C. Darnell Jones, II found Harris guilty of first degree murder, carrying a firearm on a

---

[1] This information is taken from the Petition for Writ of Habeas Corpus, Respondents' Response and the exhibits attached to those pleadings.

1

public street, carrying a firearm without a license, possessing an instrument of crime, and criminal conspiracy.² A penalty hearing was held on April 15, 1999, and May 13, 1999, and the court sentenced Harris to life imprisonment for the murder conviction, and concurrent terms of two to five years' incarceration for carrying a firearm without a license, and five to ten years' incarceration for the conspiracy conviction.

Harris filed post-trial motions, challenging the weight and sufficiency of the evidence. Those motions were denied, but Harris failed to file a timely appeal to the Pennsylvania

---

² The Pennsylvania Superior Court stated the relevant facts of this matter as follows:

> On October 5, 1996, at approximately 1:20 a.m. in the vicinity of Sydenham Street and Cecil B. Moore Avenue in the City and County of Philadelphia, Decedent Darryl Gibbs was shot and killed by [Harris] and his [c]o-[d]efendant, Mitchell Simpson.
>
> The shooting occurred near a bar named "Lamar's Inn," where Decedent had been seen with his brother and several friends earlier that evening. Witness Makia Rodgers informed police that she had observed Decedent in the bar, when a male approached him and inquired about a robbery. Decedent informed the male that he knew nothing about the robbery, at which time the male walked away. Shortly thereafter, Decedent was summoned to the front door and the men stepped outside. Approximately two to three minutes later, Ms. Rodgers exited the bar area, remaining in the outside doorway of the bar, where she was able to observe Decedent having a conversation with [Harris] and [Simpson]. [Simpson] removed his gun from his waist and fired a shot at Decedent. Ms. Rodgers then observed [Harris] remove a gun from his waistband and beg[i]n firing approximately five to six shots towards Decedent. Ms. Rodgers turned inside the bar and summoned help. When she exited the doorway of the bar and proceeded towards her vehicle which was parked on the east side of Sydenham Street, she found Decedent laying on the ground next to the car. Upon realizing that Decedent had been shot and was unable to speak, she and several others proceeded to transport the victim to Temple University Hospital, whereupon he was pronounced dead at 2:10 a.m.

(See Response, Ex. A at 1-2.)

Superior Court.  Instead, on December 8, 1999, Harris filed his first Petition pursuant to the Pennsylvania Post Conviction Relief Act, ("PCRA"), see 42 Pa. C.S.A. § 9541.  In this PCRA, Harris sought to have his direct appeal rights reinstated *nunc pro tunc*.  On January 20, 2000, Harris's direct appeal rights were reinstated *nunc pro tunc*.  Harris then filed an appeal to the Pennsylvania Superior Court *nunc pro tunc*, but failed to file a brief.  Therefore, the Superior Court dismissed his appeal on October 10, 2000.

On October 12, 2001, Harris filed a second PCRA petition, again seeking reinstatement of his direct appeal rights. Harris's direct appeal rights were again reinstated *nunc pro tunc*, and he filed another appeal to the Superior Court.  On September 10, 2004, the Superior Court affirmed Harris's judgment of sentence.  (Resp. Ex. A.)  Harris filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, which was denied on May 3, 2005.  Commonwealth v. Harris, 875 A.2d 1073 (Pa. 2005).  Harris's conviction became final on direct review when the time in which he could seek review to the United States Supreme Court expired on August 1, 2005.

Harris filed another *pro se* PCRA petition on April 14, 2006.  Counsel was appointed and two Amended PCRA petitions were filed.  An evidentiary hearing was held on January 28, 2008, and on April 28, 2008, the PCRA court dismissed the petition. Harris

then filed a timely appeal to the Superior Court on May 28, 2008.

On September 20, 2010, the Superior Court affirmed the dismissal of Harris's PCRA petition.  (Resp. Ex. B.)  Harris filed a request for allowance of appeal to the Pennsylvania Supreme Court, which was denied on March 29, 2011.  Commonwealth v. Harris, 587 EAL 2010.

Harris filed the instant Petition for Writ of Habeas Corpus on March 25, 2012, and it was docketed on March 29, 2012.  The matter was assigned to the Honorable Mary A. McLaughlin, who referred this matter to the undersigned for preparation of a Report and Recommendation.  On July 31, 2012, Respondents filed a Response, contending that the Petition should be dismissed as untimely.

**II.  DISCUSSION**

    **A.  The Federal Habeas Corpus Petition at Issue is Statutorily Time-barred**

Harris's case must be decided pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which was enacted April 24, 1996.  Pub.L. 104-132, 110 Stat. 1214.  Section 104(2) of the AEDPA amended 42 U.S.C. section 2254, the statute under which this Petition was filed, requires that federal courts give greater deference to a state court's legal determinations.  The AEDPA also amended 28 U.S.C. section

2244 to require that a strict one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.[3]  In this case, the applicable starting point to examine the limitations period is the latest date on which the judgment of sentence became final, either by the conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d)(1).

Harris's conviction became final on direct review on August 1, 2005, after he failed to seek review by the United States Supreme Court and his time to seek such relief expired.  See 28

---

[3] 28 U.S.C. section 2244 requires that:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

U.S.C. § 2244(d)(1)(A); 42 Pa. C.S.A. § 9545(b)(3); S. Ct. R. 13(1) (stating that petitioners have ninety days in which to file a petition for writ of certiorari in the United States Supreme Court).  Accordingly, the one-year time limit for Harris to timely file a federal Petition for Writ of Habeas Corpus began on August 1, 2005, and Harris had until August 1, 2006, to timely file a federal Petition.

There is an exception in the habeas statute that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  On April 14, 2006, when Harris filed his PCRA petition, 255 days of the AEDPA statute of limitations had run.  Harris's PCRA petition, filed on April 14, 2006, was pending until March 29, 2011, when the Pennsylvania Supreme Court declined review.  Thus, the statute of limitations was tolled from April 14, 2006 to March 29, 2011, when the Pennsylvania Supreme Court denied Harris's appeal from the dismissal of his PCRA.  See Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085 (Feb. 20, 2007) (holding that the limitations period is not tolled in a state collateral appeal during the pendency of a certiorari petition to the United States Supreme Court).

Therefore, upon conclusion of his state court proceedings, Harris had only 110 days left on the AEDPA statute of limitations, or until July of 2011, in which to file his federal habeas Petition.  Harris filed the instant Petition on March 25, 2012, over eight months after the expiration of the AEDPA filing deadline.[4]  Thus, even with the benefit of statutory tolling, the Petition is time-barred.

Further, Harris has failed to present any competent evidence to prove that one of the exceptions contained in §2244(d)(1) allows him a later accrual date for the AEDPA limitations period.  First, Harris does not allege that state action in violation of the federal constitution prevented his timely filing of a habeas petition; therefore, section 2244(d)(1)(B) does not apply.  Second, section 2244(d)(1)(C) also does not apply, as Harris is not relying upon a new rule of retroactively applicable constitutional law.  Lastly, Harris does not claim that he is entitled to a later start date under §2244(d)(1)(D), which allows for the start date to commence on the date when the "factual predicate" of the claim "could have been discovered through the exercise of due diligence."  28

---

[4] A *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court.  Bailey v. Tennis, No. 08-4860, 2009 WL 801865, at *3, n. 3 (Savage, J.)(E.D. Pa. March 25, 2009) citing Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).  As Harris signed his habeas petition on March 25, 2012, I apply the mailbox rule to his petition for filing purposes, and use March 25, 2012, as the date that Harris's habeas petition was filed.

U.S.C. § 2244(d)(1)(D).  Harris has not established that the statute of limitations period should be computed from any date other than the date on which his judgment of sentence became final.  Thus, his AEDPA limitations period began running on August 1, 2005.

### B. The Federal Habeas Corpus Petition at Issue is Not Eligible for Equitable Tolling

A "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (quoting Pace, 544 U.S. at 418; see also Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) (holding that equitable tolling is permitted: (1) if the respondent has actively misled the petitioner; (2) if the petitioner has in some extraordinary way been prevented from asserting his rights, or (3) if the petitioner has timely asserted his rights mistakenly in the wrong forum.))

The habeas petitioner bears the burden of demonstrating both his entitlement to equitable tolling and his due diligence. Pace, 544 U.S. at 418; Cooper v. Price, 82 Fed.Appx. 258, 260 (3d Cir. 2003); Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982); United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001) (Van Antwerpen, J.).

Harris does not argue that he is entitled to equitable tolling to excuse the late filing of his habeas petition. He has not argued nor adduced any proof that the respondents actively misled him, or that he was, in any extraordinary way, prevented from asserting his rights in a timely manner, or that he timely asserted his rights mistakenly in the wrong forum. Also, he has not demonstrated that he exercised "reasonable diligence" in investigating and pursuing his federal claims. To the contrary, Harris filed this untimely habeas petition nearly a full year after the conclusion of his PCRA proceedings. The record is devoid of factual justification for equitable tolling and Harris has adduced no evidence to convince me that "rigid application of the statute would be unfair." Fahy, 240 F.3d at 245. Accordingly, I recommend that equitable tolling cannot apply and Harris's habeas petition, filed on March 25, 2012, should be dismissed as time-barred.

For these reasons, I make the following:

**RECOMMENDATION**

AND NOW, this 18th day of October, 2012, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 should be DISMISSED without an evidentiary hearing.  There is no probable cause to issue a certificate of appealability.

Petitioner may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                BY THE COURT:

                                /s/ Arnold C. Rapoport

                                ARNOLD C. RAPOPORT
                                United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

10/18/12

RE: WILLIAM HARRIS v. SUPERINTENDENT KERESTES, et al.
CA No. 12-1596

**NOTICE**

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge ARNOLD C. RAPOPORT, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge**.

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By:     s/ Kris Yerry
KRIS YERRY, Deputy Clerk

cc: File
W. Harris
S. Affronti
Courtroom Deputy to Judge McLaughlin- Dennis Hartman